985 F.2d 584
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alex BUTCHKAVITZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3488.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1992.
 
 Before PAULINE RICH, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Alex Butchkavitz petitions for review of the January 21, 1992 Initial Decision of the Merit Systems Protection Board (MSPB), denying as untimely Butchkavitz's request to transfer from the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS), which became the final decision of the MSPB when it denied review on May 19, 1992. We affirm.
 
 DISCUSSION
 
 2
 The Federal Employees' Retirement System Act, enacted June 6, 1986, provided a six-month open season from July 1, 1987 through December 31, 1987 for individuals subject to CSRS coverage to elect transfer to FERS coverage.[1] One factor for employees to consider in selecting retirement coverage involved an offset of social security benefits. If an employee retiring from federal service under CSRS was also eligible for social security benefits as a spouse or survivor, that individual's social security benefits would be reduced by two-thirds of the amount of the benefits payable based upon his/her earnings while in service. 42 U.S.C. § 402 et seq. All Federal employees covered by CSRS were subject to this offset, while certain employees who elected FERS coverage before December 31, 1987 were exempt.
 
 
 3
 Although Butchkavitz left work as a result of an allegedly work related injury on June 4, 1987, and did not return to work thereafter, Butchkavitz did receive a copy of the FERS transfer handbook on or before December 24, 1987. Butchkavitz, however, never requested transfer from CSRS to FERS, during either the regular open-season or the belated elections open season.
 
 
 4
 Butchkavitz officially retired from federal service on November 3, 1987.[2] On October 4, 1990, four months after settlement of his involuntary retirement appeal, Butchkavitz complained to OPM that his Social Security Office had informed him that he was not eligible for benefits since he did not retire under FERS. Following a telephone conversation, the Department of the Army informed Butchkavitz in a letter dated January 17, 1991 that he was not entitled to switch from CSRS to FERS at that time. Butchkavitz then submitted a written request to transfer on July 19, 1991, which the Army denied. OPM later affirmed the Army's denial, Docket No. PH0846920047I1, stating that Butchkavitz's failure to transfer during the regular open season resulted from his failure "to act diligently and take the steps necessary to make an informed transfer decision." On October 13, 1991, Butchkavitz appealed OPM's decision to the MSPB, arguing that he was not properly informed of the effect that retirement under CSRS instead of FERS would have on his survivor annuity. On January 21, 1992, the MSPB affirmed OPM's decision.
 
 
 5
 In this appeal, Butchkavitz argues that the FERS transfer handbook did not explain "clearly that CSRS did not provide widowers benefits and that FERS would," and that he was never provided any explanation or retirement counseling regarding widowers benefits. Butchkavitz further argues that the FERS transfer handbook was improperly delivered to him, instead of his attorney, "at a time when [he] was not prepared to deal with it," as he was "experiencing economic and emotional hardship" and "in a state of turmoil and distress."
 
 
 6
 Contrary to Butchkavitz's arguments, the FERS transfer handbook set forth clearly at pages 30 and 41 the effect of CSRS and FERS retirement coverage on social security benefits received by a spouse or survivor. Furthermore, Butchkavitz has not established that the Department of the Army or OPM had an affirmative duty, beyond merely providing him with the FERS transfer handbook, to counsel him as to which coverage he should elect to fit his particular circumstances. His own confusion, if any, in deciding which coverage to elect did not negate his responsibility to elect transfer between December 24 and December 31, 1987.
 
 
 7
 Moreover, Butchkavitz also has not established that he was actually incompetent to make a binding retirement decision during this period, even though he may have been distraught due to his employment situation. Therefore, Butchkavitz's arguments that he was never informed of the belated elections period and that the FERS transfer handbook should have been delivered to his attorney are also unpersuasive.
 
 
 8
 We review the MSPB's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Finding no grounds present here, we affirm.
 
 
 
 [1]
 The Office of Personnel Management (OPM) later authorized a second six-month open season, lasting until June 30, 1988, to allow for belated elections under certain circumstances. An employing agency could accept a belated election, if: (1) the FERS transfer handbook was unavailable during the transfer period; (2) the individual was unable to elect FERS for causes beyond his/her control; or (3) administrative errors made in connection with the election needed to be corrected. 5 C.F.R. § 846.204(a) and (b)
 
 
 [2]
 Butchkavitz did not apply for retirement until November, 1988, following almost one year on leave status. Butchkavitz obtained the November 3, 1987 retirement date as part of a settlement agreement stemming from an involuntary retirement appeal to the MSPB. The settlement agreement did not address FERS coverage